## REIS *v*. ARBEITER UNTERSTUETZUNG VEREIN NO. 2.

MUTUAL BENEFIT ASSOCIATIONS—IDENTITY—QUESTION FOR JURY.
  The question whether or not a member of a mutual benefit society was over the eligible age at the time he became a member is for the jury, upon evidence which either involves the question of the identity of the member with the person whose age it tends to show, or which is not necessarily inconsistent with his having been of eligible age.

Error to Wayne; Frazer, J. Submitted October 22, 1896. Decided December 9, 1896.

*Assumpsit* by Frank Reis and others, heirs at law of George J. Reis, deceased, against the Arbeiter Unterstuetzung Verein No. 2, for death benefits. From a judgment for plaintiffs, defendant brings error. Affirmed.

*John G. Hawley*, for appellant.

*Haug & Yerkes*, for appellees.

HOOKER, J. The defendant is a mutual benefit society, and the plaintiffs are heirs of George J. Reis, who was a

member of said society at the time of his death. Under the charge of the court the case turned upon the question of his age at the time he joined the order, it being claimed by the defendant that he was more than 45 years of age at that time, and therefore not eligible to membership. He joined in July, 1881, and it is claimed that he was then 49 years of age. The court instructed the jury that, if they should find that he was then over 45 years of age, their verdict should be for the defendant, and a verdict was returned for the plaintiffs.

Defendant's counsel says that the evidence conclusively shows that he was then over 45 years of age. The testimony in the case is as follows: One of the plaintiffs testified that her father was born at a village in Bavaria, called Jockgrim. A record, duly certified, shows the birth of one George Jacobus Reis at that place on August 15, 1832. The plaintiffs' father, George J. Reis, was an attendant upon St. Joseph's Church. This was a Catholic church, which was built to relieve St. Mary's Catholic Church, which was inadequate to the accommodation of its parishioners. The matrimonial register of St. Mary's Church shows that on May 18, 1858, one Mr. George James Reis, aged 25 years, was married to Mary Ettinsberger. One of the plaintiffs testified that her father was married twice, and that his first wife's name was Sophia Matilda Ettinsberger; that she never heard of any other George J. Reis in Detroit, and that she did not know his age; that at the time of his death she had stated it, for publication of an obituary notice, as between 56 and 58 years of age, which was a guess. One Schultz testified that, many years before the time that Reis joined the defendant society, he compared ages with Reis, and that he was older than the witness, and that when he joined the society the witness thought he was over 45 years of age, and that after the meeting was over he told some of the members that he thought so. This testimony was not contradicted, though an effort was made to impeach the witness by showing that he had subsequently

stated that this was known to the society when Reis was admitted.

All of the testimony, except that of Schultz and the daughter, involves the question of the identity of George J. Reis, which would be for the jury. The fact that the daughter gave his age as 56 or 58 is not conclusive of the question, because she said it was a guess, and that she did not know how old he was. But it is claimed that Schultz' testimony is positive in character, and should be conclusive of the question. We find that the most that Schultz would say was that he knew that Reis was older than himself, and that he thought that he was over 45 when he joined the order. Schultz was 50 at the time of the trial, and Reis might have been several years older than he, and yet have been under 45 when he became a member of the association in 1881. It was, therefore, right to leave the question to the jury.

The judgment is affirmed.

The other Justices concurred.